IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ADNAN UMAIR JANJUA-VESSEL and UZMA JANJUA-VESSEL, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § | Civil Action No. 4:23-cv-766-ALM-KPJ |
| JAY BRAY, *et al.*, | § § § | |
| Defendants. | § § § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Plaintiffs Adnan Umair Janjua-Vessel and Uzma Janjua-Vessel's ("Plaintiffs") Motion to Stay for All Non-Judicial Proceedings (the "Motion") (Dkt. 4). Defendants Jay Bray ("Bray"), Christopher Marshall ("Marshall"), Nationstar Mortgage, LLC ("Nationstar"), and Barrett Daffin Frappier Turner & Engel, LLP ("Barrett Daffin") (collectively, "Defendants") filed a response (the "Response") (Dkt. 46). For the reasons that follow, the Court recommends the Motion (Dkt. 4) be **DENIED**.

I.  BACKGROUND

On August 24, 2023, Plaintiffs, proceeding *pro se*, filed a complaint (the "Complaint") (Dkt. 1) against Defendants. Dkt. 1 at 1–2. In the Complaint (Dkt. 1), Plaintiffs allege that Defendants violated the Fair Credit Reporting Act ("FCRA") and the Fair Debt Collection Practices Act ("FDCPA"). *Id.* at 2.

That same day, Plaintiffs also filed the Motion (Dkt. 4), wherein they request "an order from the court granting a Stay of all non-judicial proceedings by [Defendants]." Dkt. 4 at 2. Specifically, Plaintiffs seek "an order that Stays the non-judicial foreclosure that is scheduled to

1

take place on September 5, 2023[,] so that Defendants can enter into evidence proof [sic] that establishes whether [Defendants] have Proof Of Claim and are in fact the Note Holder in Due Course and have standing as a party of interest in the Promissory Note to legally/lawfully foreclose on Plaintiffs['] real property." *Id.* at 2. Plaintiffs request that the Court stay all non-judicial proceedings until "findings of fact and conclusions of law are completed by this Court" and "Defendants present to this Court evidence that Defendants have the lawful right to commence the non-judicial proceeding against Plaintiff[s] and/or Plaintiff[s'] property." *Id.* at 3. Plaintiffs assert that they "continue[] to discover fraudulent and/or criminal acts committed by Defendants by and through their corporations as a means to unlawful [sic] divest the True Owner, Plaintiff[s], of the real property in question," and that the stay of non-judicial proceedings is necessary "to prevent felonious acts from being perpetrated against the government and citizens through the recording of false, forged[,] and/or fraudulent documents in a public office in violation of laws." *Id.* at 2–3.

On September 21, 2023, Nationstar, Bray, and Marshall filed the Motion to Dismiss (the "Nationstar Motion to Dismiss") (Dkt. 13), wherein they seek dismissal of Plaintiffs' claims. Dkt. 13 at 8. In the Nationstar Motion to Dismiss (Dkt. 13), Nationstar, Bray, and Marshall briefly address Plaintiffs' request for injunctive relief, stating that "Plaintiffs have failed to plead a viable cause of action"; thus, "they are not entitled to injunctive relief." *Id.* at 8. On September 26, 2023, Barrett Daffin filed the Motion to Dismiss for Failure to State a Claim (the "Barrett Daffin Motion to Dismiss") (Dkt. 15), wherein it seeks dismissal of Plaintiffs' claims. *See* Dkt. 15 at 8. The Barrett Daffin Motion to Dismiss (Dkt. 15) does not address Plaintiffs' request for injunctive relief.

On January 22, 2024, the Court ordered Plaintiffs to file a status report explaining the status of the foreclosure and whether they still seek the relief requested in the Motion (Dkt. 4). Dkt. 37 at 2. On February 7, 2024, Plaintiffs filed a status report informing the Court that they "have not

2

been noticed of any pending non-judicial foreclosure proceedings since the last Notice Of (Substitute) Trustee's Sales of September 5 and October 3, 2023." Dkt. 43 at 2. Plaintiffs nevertheless request that the Court grant the relief requested in the Motion (Dkt. 4). *Id.*

On February 9, 2024, the Court ordered Defendants to file a response, if any, to the Motion (Dkt. 4). Dkt. 45 at 2. On February 15, 2024, Defendants filed the Response (Dkt. 46), wherein they notify the Court that "[t]he mortgage at issue falls under the Department of Veteran Affairs' foreclosure moratorium until at least May 31, 2024," and thus, the Motion (Dkt. 4) is moot. Dkt. 46 at 1. Defendants further argue that "Plaintiffs have otherwise failed to demonstrate they are not in default on the mortgage or that they have asserted any viable claims in this action." *Id.*

## II.     LEGAL ANALYSIS

Plaintiffs seek a "stay" on "the non-judicial foreclosure that is scheduled to take place . . . until such a time as Defendants present to this Court evidence that Defendants have the lawful right to commence the non-judicial proceeding against Plaintiff[s]." Dkt. 4 at 2–3. The Court construes this as a request for a preliminary injunction because Plaintiffs seek an order from the Court forbidding Defendants from foreclosing on the property in question before a trial on the merits. *See Nken v. Holder*, 556 U.S. 418, 428 (2009) ("[I]n a general sense, every order of a court which commands or forbids is an injunction . . . ."); *Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *4 (5th Cir. Feb. 17, 2022) ("The purpose of a preliminary injunction is to preserve the *status quo* and prevent irreparable injury until the court renders a decision on the merits."). Thus, the Court applies the standard for preliminary injunction to Plaintiffs request for a court order.

"The grant of injunctive relief is an extraordinary remedy which requires the movant to unequivocally show the need for its issuance." *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047,

3

1050 (5th Cir. 1997). The Fifth Circuit has made clear that a preliminary injunction constitutes an "extraordinary and drastic remedy," which is "not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989); *see also Albright v. City of New Orleans*, 46 F. Supp. 2d 523, 532 (E.D. La. 1999) ("Temporary restraining orders and preliminary injunctions are extraordinary relief and rarely issued.").

As a threshold matter, the relief granted by a preliminary injunction must be of the same character as that which may be granted finally after a trial on the merits. 11A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2947 (3d ed. 2023); *see also De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). In *De Beers*, the Supreme Court reversed a decree granting a preliminary injunction because the injunction in question was not of the same character as "that which may be granted finally." 325 U.S. at 220. Similarly, the Eleventh Circuit upheld a denial of a preliminary injunction when the suit was for damages on a claim of fraud and the injunction sought equitable relief regarding a First Amendment issue. *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997).

Here, Plaintiffs' causes of action are based on the FCRA, 15 U.S.C. §§ 1681–1681x, and FDCPA, 15 U.S.C. §§ 1692–1692p. The provisions of the FCRA and the FDCPA do not create a private injunctive remedy. *See Poulson v. Trans Union, LLC*, 370 F. Supp. 2d 592, 593 (E.D. Tex. 2005) ("[T]he Fifth Circuit has unequivocally stated that private litigants may not seek injunctive relief [under the FCRA]." (citing *Washington v. CSC Credit Servs. Inc.*, 199 F.3d 263, 268 (5th Cir. 2000)); *Bolin v. Sears, Roebuck & Co.*, 231 F.3d 970, 977 n.39 (5th Cir. 2000) ("[A]lthough this circuit has not definitively ruled on the issue, courts uniformly hold that the FDCPA does not authorize equitable relief." (collecting cases)); *Goode v. Adler Wallach Assocs.*

4

*Inc.*, No. 17-261, 2017 WL 3437900, at *3 (E.D. Tex. Aug. 10, 2017) (finding the FDCPA does not provide for equitable relief). Accordingly, because the preliminary injunctive relief Plaintiffs seek is not of the same character as that which may be finally granted if this case proceeds to a trial on the merits, the Motion (Dkt. 4) should be denied.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends the Motion (Dkt. 4) be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *see also Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 27th day of February, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE