IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| ADNAN UMAIR JANJUA-VESSEL and UZMA JANJUA-VESSEL, <br><br> Plaintiffs, <br><br> v. <br><br> JAY BRAY, *et al.*, <br><br> Defendants. | § § § § § § § § § § § § § § |

Civil Action No. 4:23-cv-766-ALM-KPJ

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court are the following motions:

- Plaintiffs Adnan Umair Janjua-Vessel and Uzma Janjua-Vessel's ("Plaintiffs") Motion for Default Judgment (the "First Motion for Default Judgment") (Dkt. 19), to which Defendants Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar"), Jay Bray ("Bray"), and Christopher Marshall ("Marshall") (collectively, the "Nationstar Defendants") filed a response (the "Nationstar Response") (Dkt. 21) and Defendant Barrett Daffin Frappier Turner & Engel, LLP's ("Barrett Daffin") (together with the Nationstar Defendants, "Defendants") filed a response (the "Barrett Daffin Response") (Dkt. 23); and

- Plaintiffs' Motion for Default Judgment Against Defendants (the "Second Motion for Default Judgment") (Dkt. 54) (together with the First Motion for Default Judgment, the "Motions for Default Judgment" (Dkts. 19; 54)), to which Bray and Marshall filed a response (the "Bray and Marshall Response") (Dkt. 55).

For the reasons that follow, the Court recommends the Motions for Default Judgment (Dkts. 19; 54) be **DENIED**.

I.   BACKGROUND

On August 24, 2023, Plaintiffs, proceeding *pro se*, filed a complaint (the "Complaint") (Dkt. 1) against Defendants. Dkt. 1 at 1–2. Plaintiffs served summons on Nationstar on September 1, 2023, and on Barrett Daffin on September 5, 2023. *See* Dkt. 11–12. On

1

September 21, 2023, the Nationstar Defendants filed the Motion to Dismiss (the "Nationstar Motion to Dismiss") (Dkt. 13),[1] wherein they seek dismissal of Plaintiffs' claims. Dkt. 13 at 8. On September 26, 2023, Barrett Daffin filed the Motion to Dismiss for Failure to State a Claim (the "Barrett Daffin Motion to Dismiss") (Dkt. 15) (together with the Nationstar Motion to Dismiss (Dkt. 13), the "Motions to Dismiss") (Dkts. 13; 15), wherein it seeks dismissal of Plaintiffs' claims. *See* Dkt. 15 at 8. On October 11, 2023, Plaintiffs filed the Opposition to Defendant's Motion to Dismiss (Dkt. 16), wherein they address the arguments raised by the Nationstar Motion to Dismiss (Dkt. 13) but not the Barrett Daffin Motion to Dismiss (Dkt. 15). *See* Dkt. 16.

On October 17, 2023, Plaintiffs filed the Notice & Motion for Leave to File Motion for Default Judgment (the "Motion for Leave") (Dkt. 18), wherein Plaintiffs request leave to file the First Motion for Default Judgment (Dkt. 19).[2] Dkt. 18 at 2. On October 17, 2023, Plaintiffs also filed the First Motion for Default Judgment (Dkt. 19), wherein Plaintiffs represent that they did not receive service of the Barrett Daffin Motion to Dismiss (Dkt. 15) and thus, assert that Barrett Daffin has failed to respond as required by the Federal Rules of Civil Procedure. *See* Dkt. 19 at 2. On October 17, 2023, the Nationstar Defendants filed the Nationstar Response (Dkt. 21), wherein they represent that although the First Motion for Default Judgment (Dkt. 19) is directed at Barrett Daffin, "[f]or the avoidance of doubt, [the Nationstar] Defendants previously responded to Plaintiffs' suit" by filing the Nationstar Motion to Dismiss (Dkt. 13). Dkt. 21 at 1. On October 18, 2023, Barrett Daffin filed the Barrett Daffin Response (Dkt. 23), wherein it represents that it appeared in this case by filing the Barrett Daffin Motion to Dismiss (Dkt. 15). *See* Dkt. 23 at 1.

---

[1] Bray and Marshall joined the Nationstar Motion to Dismiss (Dkt. 13) before service was effectuated on them in this case. *See* Dkt. 36.

[2] The Court granted the Motion for Leave (Dkt. 18) on July 3, 2024, because the First Motion for Default Judgment (Dkt. 19) was fully briefed by the parties. Dkt. 59.

On December 19, 2023, the Court ordered Plaintiffs to serve Bray and Marshall because Plaintiffs had not yet served them pursuant to Federal Rule of Civil Procedure 4(m). *See* Dkt. 25 at 1. On January 5, 2024, Plaintiffs attempted to serve Bray and Marshall through Nationstar's registered agent. *See* Dkts. 30–32. On January 17, 2024, the Court ordered Plaintiffs to re-effectuate service on Bray and Marshall. *See* Dkt. 33 at 2. On January 18, 2024, Bray and Marshall returned waivers of service to "avoid unnecessary expenses of serving summons" because they had already joined Nationstar in filing the Nationstar Motion to Dismiss (Dkt. 13). *See* Dkts. 34–36.

On May 1, 2024, Plaintiffs filed the Second Motion for Default Judgment (Dkt. 54), wherein Plaintiffs assert that Bray and Marshall did not serve Plaintiffs with a response to the Complaint (Dkt. 1) following their waiver of service. *See* Dkt. 54 at 2. On May 2, 2024, Bray and Marshall filed the Bray and Marshall Response (Dkt. 55), wherein they represent that Bray and Marshall joined Nationstar in filing the Nationstar Motion to Dismiss (Dkt. 13) and thus, have appeared and defended themselves in this lawsuit. Dkt. 55 at 1–2.

On June 27, 2024, the Court ordered Barrett Daffin to file a status report explaining if and when it served Plaintiffs with the Barrett Daffin Motion to Dismiss (Dkt. 15) because the certificate of service accompanying the Barrett Daffin Motion to Dismiss (Dkt. 15) states that Barrett Daffin "*will* send a true and correct copy to all parties." *See* Dkt 56 at 1–3 (emphasis added). On June 28, 2024, Barrett Daffin filed the Status Report on Service of Motion to Dismiss (the "Status Report") (Dkt. 58) and re-filed the Barrett Daffin Motion to Dismiss (the "Second Barrett Daffin Motion to Dismiss") (Dkt. 57). In the Status Report (Dkt. 58), Barrett Daffin informed the Court that the Barrett Daffin Motion to Dismiss (Dkt. 15) was not served on Plaintiffs. Dkt. 58 at 2. Barrett Daffin further represents that the failure to serve Plaintiffs "was not intentional[] and was an accident or

mistake" and asserts that "[c]ounsel for [Barrett Daffin] was out with Covid-19 on the date this was filed and a former employee was to mail the motion." *Id.* Barrett Daffin finally represents that it re-filed the Barrett Daffin Motion to Dismiss (Dkt. 15) as the Second Barrett Daffin Motion to Dismiss (Dkt. 57) and that counsel mailed copies of the Barrett Daffin Motion to Dismiss (Dkt. 15), the Second Barrett Daffin Motion to Dismiss (Dkt. 57), and the Status Report (Dkt. 58) to Plaintiffs by regular mail and email. Dkt. 58 at 2. The certificate of service attached to the Second Barrett Daffin Motion to Dismiss (Dkt 57) also asserts that counsel "sent [a] true and correct copy to all parties" by regular mail and email. Dkt. 57 at 9.

## II. LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure sets forth certain conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. *See* FED. R. CIV. P. 55. The Fifth Circuit requires a three-step process for securing a default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 55(a); *New York Life Ins.*, 84 F.3d at 141. Next, an entry of default may be entered by the clerk when the default is established by affidavit or otherwise. FED. R. CIV. P. 55(a); *New York Life Ins.*, 84 F.3d at 141. Third, a plaintiff may then apply to the clerk or the court for a default judgment after an entry of default. *See* FED. R. CIV. P. 55(b); *New York Life Ins.*, 84 F.3d at 141.

## III. ANALYSIS

Here, Plaintiffs have not requested an entry of default. Plaintiffs cannot obtain a default judgment until a default has been entered. *See New York Life Ins.* 84 F.3d at 141; *see also Accredited Sur. & Cas. Co., Inc. v. Landlord's Daiquiri Den, LLC*, No. 22-cv-591, 2023 WL

4

11761514, at *4 (E.D. Tex. July 26, 2023) ("[C]ourts will analyze whether to enter default judgment only if the plaintiff has first satisfied certain procedural requirements."); *Lee v. Brotherhood of Maint. of Way Emps.-Burlington N. Sys. Fed'n*, 139 F.R.D. 376, 380 (D. Minn. 1991) ("[T]he Court notes that an entry of default is a prerequisite to a default judgment under Rule 55(b), and that no entry of default has been made in this case."). Thus, before reaching the merits of Plaintiffs' request for default judgment against Barrett Daffin, Bray, and Marshall, the Court must determine whether Barrett Daffin, Bray, and Marshall are in default. The Court finds that Barrett Daffin, Bray, and Marshall are not in default and, thus, an entry of default against them would not be appropriate.

In the First Motion for Default Judgment (Dkt. 19), Plaintiffs argue that Barrett Daffin "ha[d] 20 days to respond [to the Complaint (Dkt. 1)] and has failed to do so as required" because Barrett Daffin "has not served Plaintiff[s] [with] a response to the Complaint [(Dkt. 1)]." Dkt. 19 at 2. Indeed, Barrett Daffin admitted that there is no record that the Barrett Daffin Motion to Dismiss (Dkt. 15) was served on Plaintiffs before the filing of the Status Report (Dkt. 58) on June 28, 2024. *See* Dkt. 58 at 2. However, a default occurs when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend," *see* FED. R. CIV. P. 55(a), and motions to dismiss are consistently held to constitute defending an action within the meaning of Rule 55(a). *Saldana-Fountain v. United States*, No. 15-cv-39, 2016 WL 626573, at *5 (W.D. Tex. Feb. 16, 2016) (collecting cases), *aff'd*, 693 F. App'x 295 (5th Cir. 2017). Although the Barrett Daffin Motion to Dismiss (Dkt. 15) was procedurally defective, "defaults are not favored by the law and any doubts usually will be resolved in favor of the defaulting party." *See* 10A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 2681 (3d ed. 2024) (footnote omitted); *see also Lee*, 139 F.R.D. at 380 (finding that although the defendants did not

5

file their response to the complaint within twenty days and, thus, waived the asserted defense, the defendants were not necessarily in default because they responded to the complaint). Barrett Daffin has displayed a consistent intent to defend against Plaintiffs' claims. Barrett Daffin timely filed the Barrett Daffin Motion to Dismiss (Dkt. 15). *See* Dkt. 15. Upon learning of its failure to properly serve Plaintiffs, Barrett Daffin promptly corrected its error and served the Barrett Daffin Motion to Dismiss (Dkt. 15) on Plaintiffs by both mail and email. *See* Dkt. 58 at 2. Further, Barrett Daffin filed and served the Second Barrett Daffin Motion to Dismiss (Dkt. 57), thereby reasserting its intent to defend against Plaintiffs' claims. *See* Dkt. 57. Thus, the Court finds that Barrett Daffin has not failed to plead or otherwise defend, despite the failure in timely serving the Barrett Daffin Motion to Dismiss (Dkt. 15). *See Saldana-Fountain*, 2016 WL 626573, at *6 ("While [p]laintiff was unfortunately not served with the . . . [d]efendants' [m]otion until later, the  . . . [d]efendants have not 'failed to plead or otherwise defend,' because they timely filed a Rule 12 motion in response to . . . [the] [c]omplaint." (citations omitted)).

Even if Barrett Daffin was technically in default as a result of their failure to serve Plaintiffs with the Barrett Daffin Motion to Dismiss (Dkt. 15), "[a] party is not entitled to a default judgment as a matter of right." *See Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (per curiam) (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977)). "In fact, '[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (alteration in original) (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). "A defendant's failure to meet a procedural time requirement is insufficient, standing alone, to warrant entry of default." *Surplus Source Grp., LLC v. Mid Am. Engine, Inc.*, No. 08-cv-49, 2008 WL 2704867, at *1 (E.D. Tex. July 7, 2008) (citing *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000)). Thus,

6

"when the plaintiff has made no showing of prejudice stemming from the defendant's delay, a default judgment 'should not be granted on the claim, without more, that the defendant ha[s] failed to meet a procedural time requirement.'" *Waltner v. Aurora Loan Servs., L.L.C.*, 551 F. App'x 741, 744 (5th Cir. 2013) (alteration in original) (quoting *Mason & Hanger-Silas Mason Co. v. Metal Trades Council of Amarillo, Tex. & Vicinity, AFL-CIO*, 726 F.2d 166, 168 (5th Cir. 1984) (per curiam)). Plaintiffs are not prejudiced by Barrett Daffin's delay in serving the Barrett Daffin Motion to Dismiss (Dkt. 15). This case is still in its infancy as demonstrated by the Nationstar Motion to Dismiss (Dkt. 13), which is still pending before the Court. Further, after the delay in service became apparent, Barrett Daffin remedied its failure and served Plaintiffs with the Barrett Daffin Motion to Dismiss (Dkt. 15). *See* Dkt. 58 at 2.

Thus, in light of the disfavored nature of default judgment, the delay in serving Plaintiffs with the Barrett Daffin Motion to Dismiss (Dkt. 15) is not a sufficient reason to grant default judgment against Barrett Daffin. *See Saldana-Fountain*, 2016 WL 626573, at *7 (finding that a delay in serving the plaintiff with the motion to dismiss was not a sufficient reason to grant default judgment); *see also Metro. Life Ins. Co. v. Johnson*, No. 12-cv-630, 2013 WL 3363117, at *2–3 (E.D. Tex. July 3, 2013) (finding that a late filed answer was not an appropriate basis to support "[t]he drastic remedy of a default judgment").

In the Second Motion for Default Judgment (Dkt. 54), Plaintiffs argue that Bray and Marshall did not file an answer or a motion under Rule 12 within sixty days of their waiver of service. *See* Dkt. 54 at 2. However, Bray and Marshall joined Nationstar in filing the Nationstar Motion to Dismiss (Dkt. 13) seeking dismissal of Plaintiffs' claims based on Rule 12(b)(6) for failure to state a claim. *See* Dkt. 13. Bray and Marshall took this action prior to Plaintiffs serving them process in this case and waived service of process on this basis. *See* Dkts. 34–36. Plaintiffs

7

have at all times been aware of Bray and Marshall's intent to defend against Plaintiffs' claims as demonstrated by their response to the Nationstar Motion to Dismiss (Dkt. 13). *See* Dkt. 16 at 5–8 (detailing Plaintiffs' response to Bray and Marshall's dismissal argument). Default judgment is only appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." *See* FED. R. CIV. P. 55(a). Because the filing of the Nationstar Motion to Dismiss (Dkt. 13) demonstrates that Bray and Marshall have otherwise defended the action, Rule 55 provides Plaintiffs no relief and entry of default is inappropriate. *See Sun Bank of Ocala*, 874 F.2d at 277 ("The filing of a motion to dismiss is normally considered to constitute an appearance . . . ." (citations omitted)); *Guimaraes v. Nat'l Op. Rsch. Servs., Inc.*, No. 07-20592, 2007 WL 2066310, at *1 (S.D. Fla. July 17, 2007) ("[T]he filing of a 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted has been held to be sufficient action to preclude entry of default." (collecting cases)).

Because Barrett Daffin, Bray, and Marshall have filed motions to dismiss, they are not in default and default judgment is not appropriate. Accordingly, the Motions for Default Judgment (Dkts. 19; 54) should be denied. *See Dahlstrom v. Moore*, No. 07-cv-229, 2007 WL 2908448, at *1 (E.D. Tex. Oct. 3, 2007) (denying the plaintiff's motion for default judgment because the defendants filed a motion to dismiss and were therefore defending against the plaintiff's claims).

### IV. RECOMMENDATION

For the foregoing reasons, the Court recommends that the Motions for Default Judgment (Dkts. 19; 54) be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *see also Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 9th day of July, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE