IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ADNAN UMAIR JANJUA-VESSEL and UZMA JANJUA-VESSEL, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:23-cv-766-ALM-KPJ |
| JAY BRAY, *et al.*, | § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are the following motions:

- Plaintiffs Adnan Umair Janjua-Vessel and Uzma Janjua-Vessel's ("Plaintiffs") Notice & Motion for Leave to File Plaintiffs' Opposition to Co-Defendants Motion to Dismiss (the "First Motion for Leave") (Dkt. 64), to which Defendants Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar"), Jay Bray ("Bray"), and Christopher Marshall ("Marshall") (collectively, the "Nationstar Defendants") filed a response (Dkt. 66); and

- Plaintiffs' Notice & Motion for Leave to Amend Motion for Leave to File Plaintiffs Opposition [Doc. 64] and Plaintiffs Opposition [Doc. 65] (the "Second Motion for Leave") (Dkt. 69).

Upon consideration, the First Motion for Leave (Dkt. 64) and the Second Motion for Leave (Dkt. 69) are **GRANTED**.

### I. BACKGROUND

On August 24, 2023, Plaintiffs, proceeding *pro se*, filed a complaint (the "Complaint") (Dkt. 1) against the Nationstar Defendants and Barrett Daffin Frappier Turner & Engel, LLP ("Barrett Daffin") (collectively, "Defendants"). Dkt. 1 at 1–2. Plaintiff served summons on Nationstar on September 1, 2023, and on Barrett Daffin on September 5, 2023. *See* Dkt. 11–12. On September 21, 2023, the Nationstar Defendants filed the Motion to Dismiss (the "Nationstar

Motion to Dismiss") (Dkt. 13), wherein they seek dismissal of Plaintiffs' claims. Dkt. 13 at 8.[1] On September 26, 2023, Barrett Daffin filed the Motion to Dismiss for Failure to State a Claim (the "First Barrett Daffin Motion to Dismiss") (Dkt. 15), wherein it seeks dismissal of Plaintiffs' claims. *See* Dkt. 15 at 8. On October 11, 2023, Plaintiffs filed their response to the Nationstar Motion to Dismiss (Dkt. 13). *See* Dkt. 16.

On October 17, 2023, Plaintiffs filed the Motion for Default Judgment (Dkt. 19), wherein Plaintiffs represent that Barrett Daffin did not serve Plaintiffs with a response to the Complaint (Dkt. 1). Dkt. 19 at 2. On June 27, 2024, the Court ordered Barrett Daffin to file a status report explaining if and when it served Plaintiffs with the First Barrett Daffin Motion to Dismiss (Dkt. 15) because the certificate of service accompanying this motion represented that service *will* be made. *See* Dkt 56 at 1–3. On June 28, 2024, Barrett Daffin filed the Status Report on Service of Motion to Dismiss (the "Status Report") (Dkt. 58) and re-filed the Motion to Dismiss for Failure to State a Claim (the "Second Barrett Daffin Motion to Dismiss") (Dkt. 57). In the Status Report (Dkt. 58), Barrett Daffin informed the Court that the First Barrett Daffin Motion to Dismiss (Dkt. 15) was not served on Plaintiffs. Dkt. 58 at 2. Barrett Daffin further represents that the failure to serve Plaintiffs "was not intentional[] and was an accident or mistake" and asserts that "[c]ounsel for [Barrett Daffin] was out with Covid-19 on the date this was filed and a former employee was to mail the motion." *Id.* Barrett Daffin finally represents that it re-filed the First Barrett Daffin Motion to Dismiss (Dkt. 15) as the Second Barrett Daffin Motion to Dismiss (Dkt. 57), and that counsel mailed copies of the First Barrett Daffin Motion to Dismiss (Dkt. 15), the Second Barrett Daffin

---

[1] Plaintiffs failed to serve summons on Bray and Marshall within the time proscribed by Federal Rule of Civil Procedure 4(m). On December 19, 2023, the Court ordered Plaintiffs to serve Bray and Marshall. *See* Dkt. 25 at 1. On January 5, 2024, Plaintiffs attempted to serve Bray and Marshall through Nationstar's registered agent. *See* Dkts. 30–32. On January 17, 2024, the Court ordered Plaintiffs to re-effectuate service on Bray and Marshall. *See* Dkt. 33 at 2. On January 18, 2024, Bray and Marshall returned waivers of service to "avoid unnecessary expenses of serving summons" because they had already joined Nationstar in filing the Nationstar Motion to Dismiss (Dkt. 13) and seek the Court's dismissal on that basis. *See* Dkts. 34–36.

Motion to Dismiss (Dkt. 57), and the Status Report (Dkt. 58) to Plaintiffs by regular mail and email. Dkt. 58 at 2. The certificate of service attached to the Second Barrett Daffin Motion to Dismiss (Dkt 57) also asserts that counsel "sent [a] true and correct copy to all parties" by regular mail and email. Dkt. 57 at 9.

On July 23, 2024, Plaintiffs filed the First Motion for Leave (Dkt. 64), wherein they seek leave to file a response to the Second Barrett Daffin Motion to Dismiss (Dkt. 57). *See* Dkt. 64. Plaintiffs also filed their proposed response (the "Response") (Dkt. 65) to the Second Barrett Daffin Motion to Dismiss (Dkt. 57). *See* Dkt. 65. On July 25, 2024, the Nationstar Defendants filed a response opposing Plaintiffs' request for leave to file a response because "it cannot be fairly determined if Plaintiffs' proposed [o]pposition addresses only [the Second Barrett Daffin Motion to Dismiss (Dkt. 57)] or also [the Nationstar Motion to Dismiss (Dkt. 13)]." Dkt. 66 at 1. Barrett Daffin did not respond to Plaintiffs' request.

On July 30, 2024, Barrett Daffin filed a reply to Plaintiffs' proposed response. *See* Dkt. 67. On August 1, 2024, Plaintiffs filed the Second Motion for Leave (Dkt. 69), wherein they seek leave to amend their response to the Second Barrett Daffin Motion to Dismiss (Dkt. 57) to respond to Nationstar's opposition to the First Motion for Leave and Barrett Daffin's reply to their proposed response. *See* Dkt. 71. Plaintiffs also filed their proposed amended response (the "Amended Response") (Dkt. 70).

## II.   LEGAL ANALYSIS

Under Rule 6 of the Federal Rules of Civil Procedure, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time." FED. R. CIV. P. 6(b)(1). Despite the "good cause" language, this standard is "lenient." *See, e.g.*, *Devillier v. Texas*, No. 20-cv-223, 2023 WL 2744398, at *1 (S.D. Tex. Mar. 31, 2023). Provided the request for an extension

3

is made prior to the expiration of the time limit at issue, the court "may extend the period for any reason." *L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 524 (5th Cir. 2021) (citing FED. R. CIV. P. 6(b)(1)(A)). However, if the request for an extension is made after the time has expired, the extension may only be granted "if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B).

The "excusable neglect" standard is "quite flexible" and provides "broad discretion" for a court to either "grant or deny an extension." *Gruhn v. Denison Indep. Sch. Dist.*, No. 20-cv-650, 2021 WL 1689001, at *1 (E.D. Tex. Apr. 29, 2021) (quoting *Mattress Giant Corp. v. Motor Advert. & Design Inc.*, No. 07-cv-1728, 2008 WL 898772, at *2 (N.D. Tex. Mar. 31, 2008)). "Relevant factors to the excusable neglect inquiry include: 'the danger of prejudice to the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 n.8 (5th Cir. 2006) (quoting *Farina v. Mission Inv. Tr.*, 615 F.2d 1068, 1076 (5th Cir. 1980)).

Under Local Rule CV-7, a "party opposing a motion has fourteen days . . . from the date the motion was served in which to file a response." LOC. R. CV-7(e). Barrett Daffin mailed the Second Barrett Daffin Motion to Dismiss (Dkt. 57) on June 28, 2024. *See* Dkt. 57. Plaintiffs do not assert when they received service of the Second Barrett Daffin Motion to Dismiss (Dkt. 57). "[W]here the date of receipt is not known, courts should apply a presumption that the plaintiff received notice in three days." *Jenkins v. City of San Antonio Fire Dep't*, 784 F.3d 263, 267 (5th Cir. 2015). Accordingly, the Court presumes that Plaintiffs received service by mail of the Second Barrett Daffin Motion to Dismiss (Dkt. 57) on July 1, 2024. Fourteen days later is July 15, 2024. The First Motion for Leave (Dkt. 64) and the Response (Dkt. 65) were filed July 23, 2024.

Therefore, as the Response (Dkt. 65) is untimely, the First Motion for Leave (Dkt. 64) may only be granted if Plaintiffs' failure was due to excusable neglect. *See* FED. R. CIV. P. 6(b)(1)(B).

Plaintiffs do not explain why they failed to respond to the Second Barrett Daffin Motion to Dismiss (Dkt. 57) within the prescribed time; nor do they make any attempt to argue that their failure was due to excusable neglect. *See* Dkt. 64. Nevertheless, the Court finds Plaintiffs acted with excusable neglect. The danger of prejudice is low to Barrett Daffin, as they have not opposed the First Motion for Leave (Dkt. 64). Moreover, Barrett Daffin filed the Reply (Dkt. 67), wherein they respond to the arguments raised by Plaintiffs in the Response (Dkt. 65). Further, Plaintiffs delay in filing the Response (Dkt. 65) is eight days. This delay is minimal when compared to Barrett Daffin's delay in serving Plaintiffs with the First Barrett Daffin Motion to Dismiss (Dkt. 15) in the first instance. Further, the Court has not yet ruled on the Second Barrett Daffin Motion to Dismiss (Dkt. 57). Thus, these proceedings will not be significantly impacted by permitting Plaintiff to file an untimely response.

The Nationstar Defendants oppose granting the First Motion for Leave (Dkt. 64) to the extent that it seeks to address the Nationstar Motion to Dismiss (Dkt. 13). In reviewing the Response (Dkt. 65), Plaintiffs' arguments are directed at the Second Barrett Daffin Motion to Dismiss (Dkt. 57). To the extent the Response (Dkt. 65) includes arguments addressing the Nationstar Motion to Dismiss (Dkt. 13), the Court does not consider these arguments because the Nationstar Motion to Dismiss (Dkt. 13) has already been fully briefed, *see* Dkts. 13; 16; 20.

As the Court finds that Plaintiff acted with excusable neglect, the First Motion for Leave (Dkt. 64) is **GRANTED**, and the Court will consider the Response (Dkt. 65) to the extent it responds to the arguments raised in the Second Barrett Daffin Motion to Dismiss (Dkt. 57)

In the Second Motion for Leave (Dkt. 69), Plaintiffs seek leave to file the Amended Response (Dkt. 70) so that they may respond to the arguments raised by Barrett Daffin in the Reply (Dkt. 67). The Court interprets the Amended Response (Dkt. 70) to be a sur-reply to the Second Barrett Daffin Motion to Dismiss (Dkt. 57) because it seeks to respond to arguments raised in the Reply (Dkt. 67). The Amended Response (Dkt. 70) was filed within the time allowed for the filing of a sur-reply, and thus Plaintiffs need not request leave to file it. However, to avoid confusion, the Second Motion for Leave (Dkt. 69) is **GRANTED**, and the Court will consider the Amended Response (Dkt. 70) to the extent it responds to the arguments raised in the Reply (Dkt. 67).

### III. CONCLUSION

For the foregoing reasons, the First Motion for Leave (Dkt. 64) and Second Motion for Leave (Dkt. 69) are **GRANTED**.

**So ORDERED and SIGNED this 19th day of August, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE